UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PROPERTIES, LLC, as successor in interest to IHOP Properties, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> SALAUDDIN JANMOHAMMED <br><br> Defendant. | CAUSE NO. 09 CV 457 <br><br> JUDGE GOTTSCHALL |

## AGREED MOTION FOR ENTRY OF JUDGMENT PURSUANT TO AGREED STIPULATION

Plaintiffs, IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PROPERTIES, LLC, as successor in interest to IHOP Properties, Inc., (collectively, "IHOP") by agreement with Defendant, Salauddin Janmohammed, hereby move this Court for entry of judgment pursuant to a stipulation by agreement with Defendant. In support of this Motion, IHOP states as follows:

1.  IHOP is a national restaurant franchisor. Defendant is a franchisee of IHOP and operates twenty-two IHOP restaurants.

2.  IHOP contends that Defendant breached the Franchise Agreements and other ancillary Agreements with IHOP for two of the IHOP restaurants: IHOP # 1295 located at 14860 LaGrange Road, Orland Park, Illinois and IHOP #5426 located at 4410 16th Street, Moline, Illinois. As a result, IHOP terminated their franchises and brought suit for breach of contract.

3. IHOP and Defendant have reached a settlement of the dispute. The parties have entered into a Stipulation for Entry of Judgment providing for a judgment to be entered in this lawsuit in accordance with the terms of their settlement agreement. A copy of the Stipulation for Entry of Judgment is attached hereto as Exhibit A. IHOP, however, is willing to allow Defendant to continue to operate the 1295 and 5426 restaurants as long as Defendant meets his franchise obligations going forward, performs certain restaurant remodels, implements certain operating systems, and pays IHOP back for his outstanding financial obligations, all pursuant to a certain schedule.

4. As long as Defendant meets his obligations under the Stipulation, IHOP will stay enforcement of the Judgment. If, however, Defendant fails to meet his obligations under the Stipulation, then his rights to operate the 1295 and 5426 IHOP franchises will be terminated, and IHOP can enforce the judgment and pursue collection on any amounts owed, and immediately recover possession of the restaurant premises, which Defendant subleases from IHOP.

5. Counsel for the parties have prepared a draft judgment for the Court to enter in accordance with the Stipulation for Entry of Judgment. A draft judgment is attached hereto as Exhibit B.

WHEREFORE, Plaintiffs, IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PROPERTIES, LLC, as successor in interest to IHOP Properties, Inc., pursuant to their agreement with Salauddin Janmohammed, and the parties' Stipulation for Entry of Judgment, request that the Court enter judgment in this matter in accordance with the terms of the Stipulation as set forth in the form of the judgment attached hereto.

IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PPROPERTIES, LLC, as successor in interest to IHOP Properties, Inc.,

/s/Marc S. Silver
By their Attorneys

Marc S. Silver
BARNES & THORNBURG LLP
1 North Wacker Drive
Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PROPERTIES, LLC, as successor in interest to IHOP Properties, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> SALAUDDIN JANMOHAMMED <br><br> Defendant. | CAUSE NO. 09 CV 457 <br><br> JUDGE GOTTSCHALL |

## STIPULATION FOR ENTRY OF JUDGMENT

This Stipulation for Entry of Judgment ("Stipulation") is entered into by and between Plaintiffs, IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PROPERTIES, LLC, as successor in interest to IHOP Properties, Inc. (collectively, "IHOP") and Defendant Salauddin Janmohammed ("Janmohammed"), as of the date it is executed by Janmohammed, in view of and based upon the following recitals:

## RECITALS

1. Janmohammed is a Franchisee of IHOP and he owns and operates 22 IHOP restaurants, identified by IHOP restaurant # as 1202, 1209, 1274, 1288, 1295, 1296, 1299, 3064, 3068, 3115, 3132, 3175, 3225, 5309, 5406, 5416, 5425, 5426, 5439, 5442, 5444, 5458 (the "Janmohammed Restaurants"). Of the Janmohammed Restaurants, Janmohammed has

1

been declared in default of his franchise obligations by IHOP for two of the restaurants: restaurant # 1295 located at 14860 LaGrange Road, Orland Park, Illinois ("IHOP #1295") and restaurant # 5426 located at 4410 16th Street, Moline, Illinois (IHOP # 5426") (collectively the "Default Restaurants"). In addition, Janmohammed owes IHOP additional monies, some of which are past due and some current, and also real estate taxes for certain of the other Janmohammed Restaurants and has failed to perform remodels for certain of the Janmohammed Restaurants.

2. IHOP's Complaint alleges that Janmohammed is liable for unpaid rental and other obligations for the Default Restaurants under the respective Franchise Agreements, Subleases, Equipment Leases, Promissory Notes and Guarantees (collectively the "Franchise Documents").

3. IHOP and Janmohammed wish to resolve this lawsuit and the monies Janmohammed owes for the other Janmohammed Restaurants by entering into a Judgment against Janmohammed on the terms set forth in this Stipulation.

## STIPULATION

4. IHOP shall have judgment against Janmohammed on all counts of its Complaint and be awarded immediate possession of IHOP #1295 and IHOP #5426 and all real property underlying those restaurants subleased by IHOP to Franchisees.

5. In addition, IHOP shall be awarded damages in the amount of Four Hundred Six Thousand, Two Hundred Three Dollars and Fifty Nine Cents ($406,203.59) for rent and other charges owing pursuant to the Franchise Documents, as of the week ended January 4, 2009, plus IHOP shall also be awarded all additional amounts owed under the Franchise Documents thereafter, including interest, and attorneys' fees (the "Judgment Amount"). The

Judgment Amount shall include 100% of IHOP's attorney's fees and costs related to this Lawsuit, including the preparation and filing of this Stipulation and the Judgment, and such sums shall be included within Janmohammed's financial obligations under the Franchise Documents (as modified by the IHOP ACH payment program) and in the Judgment Amount.

6. Interest shall accrue on the Judgment Amount and on all of Janmohammed's other past due and unpaid rental and other monetary obligations at the rate of Ten Percent (10%), per annum.

7. Janmohammed shall immediately relinquish any and all claim, title or rights to the Default Restaurants and immediately cease operating the Default Restaurants. Janmohammed shall adhere to and satisfy all obligations upon termination set forth in the Franchise Documents for the Default Restaurants, including but not limited to the provisions of Sections 8.09 and 16.02, and shall cease using any and all IHOP Trademarks at the Restaurants and deliver and surrender any and all IHOP Trademarks used in the Default Restaurants.

8. Judgment in accordance with the terms hereof, in the form attached hereto as Exhibit A (the "Judgment"), shall be entered immediately. Any judge of the above-captioned Court shall be and is hereby authorized to enter the Judgment without notice or hearing.

9. IHOP agrees to stay enforcement of the Judgment, on the following terms and requirements, provided that each and every of the following terms and requirements is timely met:

(a) Janmohammed shall fully perform all obligations described in the Franchise Documents for the Default Restaurants and all other of the Janmohammed

3

Restaurants operated, including timely written reporting of sales and making payment to IHOP of amounts owed for the preceding week in accordance with the IHOP ACH payment program. Notwithstanding the foregoing, IHOP understands and agrees that Janmohammed is currently technically in default on certain of his obligations under the Franchise Documents as elaborated herein and that he shall at all times be able to cure the default on such obligations as set forth herein.

(b) Janmohammed shall enroll immediately any and all of the Janmohammed Restaurants that are not currently on the IHOP ACH payment program into the program so that payments for all of the Janmohammed Restaurants will made through and in accordance with the IHOP ACH payment program.

(c) Janmohammed must stay current on any and all of the financial obligations to IHOP for the Janmohammed Restaurants.

(d) Janmohammed has approximately $100,000 in real property taxes due and owing as of the date of this Stipulation. Janmohammed shall have until August 1, 2009 to pay all real property taxes due and owing as of the date of this Stipulation.

(e) A default by Janmohammed of any of the obligations for any one of the Janmohammed Restaurants shall be deemed a cross-default of the obligations for the other Janmohammed Restaurants, such that each and every one of the Janmohammed Restaurants will be in simultaneous and immediate default if Janmohammed defaults on the obligations of any one of the restaurants;

(f) Janmohammed has seven (7) remodels that are currently scheduled: restaurant #s 1299, 1202, and 5458 (which have already been commenced) and restaurants #s 5426, 5442, 5444, and 5439 (which have not yet begun). Janmohammed may cure these

defaults for failing to remodel by i) completing the remodels for restaurant #s 1299, 1202, and 5458 all within Two Hundred Seventy (270) days of the date of this Stipulation; and ii) completing the remodels for two (2) of the remaining four (4) restaurants, restaurants #s 5426, 5442, 5444 and 5439, both within Two Hundred Seventy (270) days of the date of this Stipulation, iii) completing the remodels for the remaining two (2) of the restaurants, within One Hundred Eighty (180) days after the first five (5) remodels are completed.

(g) All the Janmohammed Restaurants shall be operated and maintained by Janmohammed at a minimum of a Grade "B" operating status. If any one of the Janmohammed Restaurants is found to be operating at below a Grade "B" operating status and such performance deficiency is not timely cured, Janmohammed will be deemed to be in default of the respective Franchise Documents governing that restaurant and shall be in default of this Stipulation.

(h) Janmohammed agrees to sell any and all of his interest in restaurants 1288, 1299, 5406, 5439, and 5444 of the Janmohammed Restaurants (the "Sale Restaurants"). Janmohammed shall have One Hundred Eighty (180) days from the date of execution of this Stipulation to attempt to sell and assign his franchise rights for any and/or all of the Sale Restaurants to a third party(ies), who must be approved by IHOP, at a price acceptable to Janmohammed. IHOP shall not unreasonably withhold such approval. In the event that additional time is necessary to complete the sale/assignment, IHOP shall not unreasonably withhold permission for completion within an additional thirty days, if the proposed sale/assignment is proceeding in a manner satisfactory to IHOP. IHOP, in its sole discretion, may also grant further extensions. Janmohammed agrees that any proposed purchaser/assignee must meet IHOP's usual and customary requirements for a franchisee and

the terms of the sale of any of the Sale Restaurants must meet IHOP's approval. IHOP agrees to assist in the completion of the sale within the time period identified herein. In order for any sale or transfer to be effective, IHOP's prior written consent must be obtained.

(i) All proceeds from the sale, transfer and/or assignment of the Sale Restaurants shall be paid to IHOP directly from the proceeds of the transaction, and may be from any escrowed funds, to satisfy any and all monetary obligations Janmohammed may have to IHOP for the Janmohammed Restaurants, including but not limited to the Judgment Amount. Any surplus remaining after any and all liabilities of the Janmohammed Restaurants are paid to IHOP will be paid by IHOP to Janmohammed. If, however, the proceeds from the sale, transfer and/or assignment of the Sale Restaurants do not satisfy all of Janmohammed's financial obligations to IHOP for the Janmohammed Restaurants, including but limited to the Judgment Amount, then Janmohammed agrees to pay IHOP the balance of all amounts due and owing within ninety (90) days after the sale, transfer and/or assignment of the Sale Restaurants

(j) In addition to the payment of the proceeds, upon the closing of any such sale, transfer or assignment of the Sale Restaurants, Janmohammed shall also pay to IHOP a transfer fee of Seven Thousand Five Hundred Dollars ($7,500.00). Such payment shall be used to satisfy the Judgment Amount. Janmohammed acknowledges that in accordance with IHOP's normal requirements, an additional $5,000 of the proceeds of the transaction for each restaurant shall be disbursed to IHOP by escrow and held by IHOP for a period of at least 60 days, in order to ensure payment to IHOP of all charges and other monies owing by Janmohammed to IHOP that may not be known for that restaurant as of the closing date of the sale or transfer.

(k) Janmohammed must notify IHOP in writing of any and all changes in the ownership of the Janmohammed Restaurants, including minority ownership interests.

10. If Janmohammed does not sell the Sale Restaurants or pay the real estate taxes due and owing in accordance with the requirements set forth in Paragraph 9, Janmohammed shall have Ninety (90) days after such breach, or until September 30, 2009, which ever date occurs earlier, to borrow money or otherwise leverage assets in order to pay Plaintiff in full for all obligations described in Paragraphs 2 and 5 above.

11. Except as provided in Paragraph 10, if Janmohammed does not otherwise fulfill each and every one of his obligations set forth in this Stipulation in the time period permitted, , and does not timely cure any such default as provided in this Stipulation, then IHOP shall be entitled to enforce the Judgment without further delay, and Janmohammed shall immediately cease using IHOP's trademarks in any way, including by operating an International House of Pancakes restaurant in the Premises, and Janmohammed shall otherwise comply in full with his obligations upon termination of his IHOP franchise(s), as set forth in the Franchise Documents.

12. Janmohammed is being given one last chance to perform and thereby cure his past defaults. Time is of the essence, and timely performance by Janmohammed of all obligations under this Stipulation is mandatory. In the event that Janmohammed defaults under this Stipulation, IHOP shall give written notice to Janmohammed by overnight delivery sent to the address of the restaurant from which the default arose and also to Janmohammed's legal counsel Jeff Haff of Jeffery S. Haff & Associates, P.A., 310 Fourth Avenue South, Suite 950, Minneapolis, MN 55415. Janmohammed shall have seven (7) business days after delivery of the notice within which to cure the default. If the default is

not cured within said seven (7) business days, IHOP shall thereafter be entitled, without additional notice to Janmohammed, to execute forthwith on the Judgment. Even if any default is cured within the time permitted, if Janmohammed should default a total of three times under this Stipulation, then Janmohammed shall no longer be entitled to receive a written notice of default and shall no longer have any opportunity to cure such further default, and IHOP shall thereafter be entitled, without additional notice to Janmohammed, to execute forthwith on the Judgment.

13. In the event of a default of this Stipulation that is not timely cured by Janmohammed, the Franchise Agreements, Subleases and Equipment Leases for the Restaurants are all immediately terminated. Janmohammed shall thereafter have no right to occupy the premises underlying IHOP #1295 and IHOP #5426 and all other of the Janmohammed Restaurants shall be deemed in default. IHOP shall have the right to immediate possession of the IHOP #1295 and IHOP #5426 premises pursuant to the Judgment without further order of this Court and Janmohammed hereby agrees to immediately vacate the IHOP #1295 and IHOP #5426 premises peaceably. Should Janmohammed fail to immediately vacate the IHOP #1295 and IHOP #5426 premises, IHOP shall be entitled to seek immediate relief from the Court without notice to Janmohammed and IHOP shall be entitled to recover its attorneys' fees and costs to obtain possession.

14. In the event that Janmohammed fully and timely performs under this Stipulation including without limitation by fully and timely performing all current obligations and bringing his past due balance current, then IHOP shall, in the absence of any new defaults by Janmohammed, cause to be executed and filed with the Court an

Acknowledgment of Full Satisfaction of Judgment, terminate the requirements of this Stipulation, and deem Janmohammed to be in good standing as a franchisee..

15. Janmohammed, on behalf of himself, his relatives, heirs, assigns, agents, partners, representatives, attorneys, predecessors, and successors, as applicable, hereby releases IHOP and its officers, directors, employees, agents, affiliates, principals, stockholders, partners, representatives, attorneys, predecessors, and successors, as applicable, from any and all claims, whether known or unknown, suspected or unsuspected, relating to any claim concerning the lawsuit and the Franchise Documents for the Janmohammed Restaurants.

16. Janmohammed hereby waives the benefits of Section 1542 of the California Civil Code, or any similar statutory provision, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING
> THE RELEASE WHICH, IF KNOWN BY HIM, MUST HAVE
> MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
> DEBTOR.

Notwithstanding Section 1542, this Agreement releases all claims described in Paragraph 16, whether known or unknown, foreseen, unforeseen, patent or latent, which the Franchisees have as of the date hereof, and this release shall act as a release of future claims that may arise from acts arising prior to the date hereof, whether such claims are currently known, unknown, foreseen or unforeseen. Janmohammed understands and acknowledge the significance and consequence of such specific waiver of Section 1542 and hereby assumes full responsibility for such waiver.

17. Janmohammed hereby expressly waives any right to appeal from the Judgment or to attack the Judgment, whether directly or collaterally.

Salauddin Janmohammed

By: /s/ Salauddin Janmohammed

Date: Jan 09, 09

IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PROPERTIES, LLC, as successor in interest to IHOP Properties, Inc.,

By: /s/

Title: Vice President, Franchise Business Development

Date: January 15, 2009

---

SUBSCRIBED AND SWORN TO
before me this 9 day of Jan, 2009

/s/ Carole B. Janulis
Notary Public

OFFICIAL SEAL
CAROLE B. JANULIS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-13-2011

CHDS01 MYS 498538v1

10

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IHOP FRANCHISING LLC, as successor )
in interest to International House of )
Pancakes, Inc., and IHOP PROPERTIES, )
LLC, as successor in interest to IHOP )
Properties, Inc., )
)
      Plaintiffs, )
) CAUSE NO. 09 CV 457
      v. )
) JUDGE GOTTSCHALL
SALAUDDIN JANMOHAMMED )
)
      Defendant. )
)
)
)
)

## JUDGMENT PURSUANT TO STIPULATION

Pursuant to and in accordance with the Stipulation for Entry of Judgment executed by the parties to this action, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    Plaintiffs, IHOP FRANCHISING LLC, as successor in interest to International House of Pancakes, Inc., and IHOP PPROPERTIES, LLC, as successor in interest to IHOP Properties, Inc., (collectively, "IHOP") shall be entitled to judgment in IHOP's favor and against Defendant Salauddin Janmohammed on all Counts of IHOP's Complaint;

2.    Defendant's franchise for the operation of IHOP restaurants located at 14860 LaGrange Road, Orland Park, Illinois ("IHOP #1295") and 4410 16th Street, Moline, Illinois (IHOP # 5426") (collectively the "Restaurants") are terminated by IHOP

because of Defendant's defaults under the Franchise Documents between IHOP as franchisor and Defendants as the franchisee of the Restaurants;

3. IHOP shall recover from Defendant immediate possession of IHOP #1295, IHOP #5426;

4. Defendants, his agents and employees and all those acting in concert with him, are enjoined from continuing to operate International House of Pancakes Restaurants at the location of any of the Restaurants and shall vacate IHOP #1295 and IHOP #5426 immediately;

5. IHOP is entitled to specific performance of the following provision in Paragraph 8.09 of the Franchise Agreement:

> "Upon the expiration or termination of this Agreement for any reason, Franchisee shall deliver and surrender up to Franchisor or its Affiliate any and all manuals, Bulletins, instruction sheets, forms, marks, devices, Trademarks, and the possession of any physical objects bearing or containing any of said Trademarks, and shall not thereafter use any of the same or any such Trademarks or Trade Secrets; . . ."

6. IHOP shall be awarded from Defendant the sum of Four Hundred Six Thousand, Two Hundred Three Dollars and Fifty-Nine Cents ($406,203.59) for rent and other charges owing pursuant to the Franchise Documents, as of the week ended January 4, 2009, plus IHOP shall also be awarded all additional monetary obligations of the Defendant to IHOP that may become due and owing under the Franchise Documents for the Restaurants thereafter, including interest, and attorneys' fees;

7. Defendants shall also pay IHOP's attorney's fees and costs related to this Lawsuit, including any amounts to enforce the Stipulation for Entry of Judgment;

8. Interest shall accrue on the Judgment and any other amounts owed to IHOP at the rate of Ten Percent (10%), per annum;

Entered: _____